UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSBALDO REYES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THERESA CISNEROS,<br><br>　　　　　Respondent. | No. 1:22-cv-01490-SKO (HC)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO FILE FIRST AMENDED PETITION**<br><br>**[THIRTY DAY DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition on November 18, 2022. The petition does not challenge the underlying conviction; rather, it challenges Petitioner's gang validation by the California Department of Corrections and Rehabilitation ("CDCR"). For reasons that follow, the Court finds it lacks habeas jurisdiction to consider the claims. However, Petitioner will be granted leave to file an amended petition to present a cognizable claim.

**DISCUSSION**

A.　　Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.   Prison Gang Validation

Petitioner contends that the CDCR violated his constitutional rights when it validated him as a member of the Mexican Mafia gang without "some evidence."

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.

In Nettles v. Grounds, 830 F.3d 922, 1006 (9th Cir. 2016), the Ninth Circuit held that a district court has jurisdiction to consider a prison gang validation determination if success on the merits will result in a quantum change in the level of custody. In Nettles, success on the petitioner's claim would result in his immediate release from the SHU to the general prison population. Id. The Ninth Circuit found that the petitioner's release from the SHU to general population "can fairly be described as a quantum change in the level of custody." Id. (quoting Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991)).

In this case, Petitioner complains that he has been wrongfully classified as a gang member. However, he does not claim that this determination resulted in any change in the level of custody. Thus, the petition only challenges the conditions of his confinement and does not present a habeas claim. However, it is possible that Petitioner has merely neglected to state the relevant facts. For this reason, the Court will dismiss the petition with leave to file an amended petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Clerk of Court is DIRECTED to provide Petitioner a blank form for filing a habeas

petition;

2) The petition is DISMISSED with leave to file an amended petition; and

3) Petitioner MAY FILE an amended petition within thirty (30) days of the date of service of this order. The petition should be titled "First Amended Petition" and must reference the instant case number. If, on the other hand, the prison gang validation determination did not result in any change in the level of custody, Petitioner MAY FILE a motion to voluntarily dismiss the petition within thirty (30) days of the date of service of this order.

Petitioner is advised that failure to comply with this order will result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

Dated: **November 28, 2022**          /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE